**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DEBRA RUSSO and SONNI SOTTILE,

                    Plaintiffs,

          -against-

CITY OF NEW YORK, GARSING CHAN,
Individually, LEONARDO VIERA, Individually,
and JOHN DOE 1 through 5, Individually, (the
names John Doe being fictitious, as the true
names are presently unknown),

                    Defendants.

**COMPLAINT**

14-CV-6958

**Jury Trial Demanded**

Plaintiffs DEBRA RUSSO and SONNI SOTTILE, by their attorney, The Trainor Law

Firm, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, which

are secured by these statutes and the Constitutions of the United States and the State of New

York. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.     Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C.

§§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6.      Plaintiff DEBRA RUSSO is a forty-nine-year-old United States Citizen and female who resides in Brooklyn, New York, and is the mother of Plaintiff SONNI SOTTILE.

7.      Plaintiff SONNI SOTTILE is a nineteen-year-old United States Citizen and female who resides in Brooklyn, New York, with her mother, Plaintiff DEBRA RUSSO.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

10.     At all times hereinafter mentioned, the individually named defendants, GARSING CHAN (Shield No. 1603), LEONARDO VIERA (Shield No. 26433), and JOHN DOE 1 through 5 (Shield Nos. unknown), were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

12.    Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

13.    On September 3, 2013, between 8:00 a.m. at 9:00 a.m., Plaintiffs DEBRA RUSSO ("Debra") and SONNI SOTTILE ("Sonni") (collectively "Plainitffs") were lawfully present in front of their home, located at 2746 East 64th Street, Brooklyn, New York, when Defendants Chan, Viera, and John Doe 1 through 5, without any lawful justification whatsoever, unlawfully assaulted them and illegally arrested and imprisoned them.

14.    Before, during, and after the defendants assaulted and arrested them, Debra and Sonni committed no crime or offense. Likewise, at all times relevant to these events, Debra and Sonni were not behaving in a manner that would suggest to any reasonable police officer that they had done anything unlawful.

15.    At the aforementioned time and place, the defendants rang the doorbell at Plaintiffs' home.  When Debra answered the door, Defendant John Doe 1 showed her a photograph and asked her if she knew the person in the photograph.  The person in the photograph was Sonni's then-boyfriend.  Debra informed the defendants that she knew him and called for Sonni, who was home at the time, to come speak to the defendants.

16.    When Sonni arrived at the door, she was wearing a tank top, shorts, and slippers. The defendants instructed Sonni and Debra to exit the house and go to the backyard of their home.  Plaintiffs complied with this instruction.

17.    The defendants then showed Sonni a picture of her then-boyfriend and questioned

her about his whereabouts and threatened to arrest her if she did not provide them with answers.

18.     While the defendants were threatening Sonni, more NYPD officers arrived at Plaintiffs' home.  The defendants told Sonni and Debra that they had to enter their home, but Debra's son, Michael Chraniuk, who lived in the house with his mother and sister at the time, informed the defendants that they did not have permission to enter the home.

19.     Without permission, consent, or lawful warrant, the defendants entered Plaintiffs' house.  Upon searching Plaintiffs' home for approximately twenty minutes, the defendants left the home with Sonni's then-boyfriend, who was in the house.  The defendants brought him out in handcuffs.

20.     Upon placing Sonni's then-boyfriend in an NYPD vehicle, Defendant Garsing Chan, without any justification, legal cause, or provocation, pushed Debra onto the concrete ground, where she banged her head against the concrete and lost consciousness, stepped on her hair, and then dragged her against the concrete floor toward an NYPD vehicle.

21.     Almost immediately upon Defendant Chan assaulted Debra, Defendant Leonardo Viera, without any justification, legal cause, or provocation, tackled Sonni; and, upon information and belief, Defendant Chan forcefully pushed Sonni's face while Defendant Viera held her.  The defendants then threw Sonni to the concrete ground; and, upon information and belief, Defendant Viera placed his knee on Sonni's back without cause.  Sonni was not resisting or obstructing the defendants.

22.     Upon illegally assaulting Debra and Sonni, the defendants, despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, rear-handcuffed them, and imprisoned them in separate NYPD vehicles.

23.     While the defendants imprisoned and transported Sonni in an NYPD vehicle to

4

the NYPD's 63rd precinct, she complained to the defendants that she was having an asthma attack. She was having tremendous difficulty breathing. She begged the defendants to stop the vehicle because of her difficulty breathing, and the defendants would not let her retrieve her inhaler, which was in her house. Rather than call for medical attention, the defendants told Sonni to wait until they arrived at the precinct. On the way to the precinct, the defendants saw an ambulance parked on the street, pulled their vehicle over, and the ambulance's emergency medical technician administered oxygen to Sonni while she remained in custody. After a few minutes, the defendants transported Sonni to the 63rd precinct, where she remained unlawfully imprisoned and in pain, suffering the effects of being assaulted by the defendants.

24.    Likewise, the defendants transported Debra to the 63rd precinct for imprisonment, where she remained unlawfully imprisoned and in pain, suffering the effects of being assaulted by the defendants.

25.    Eventually, the defendants transported Debra and Sonni to the Brooklyn Detention Complex, where they remained unlawfully imprisoned until they were brought before the Kings County Criminal Court for arraignment.

26.    Debra was arraigned on baseless charges filed under docket number 2013KN067792. These charges were filed based upon the false allegations of Defendant Chan.

27.    Sonni was arraigned on baseless charges filed under docket number 2013KN067791. These charges were filed based upon the false allegations of Defendant Chan, who was informed by the false allegations of Defendant Viera.

28.    Defendants Chan and Viera manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Debra and Sonni at trial.

5

29.    Just before midnight on September 3, 2013, Debra and Sonni were arraigned on the aforementioned false charges.   Upon arraignment, the presiding Criminal Court judge released both Debra and Sonni on their own recognizance.

30.    The defendants arrested and initiated criminal proceedings against Debra and Sonni despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

31.    The defendants initiated this prosecution for the purpose of covering up their unlawful and unjustified assault upon Debra and Sonni.

32.    This false arrest and denial of Plaintiffs' fair trial rights compelled Debra and Sonni to return to the Kings County Criminal Court to face these false charges on November 7, 2013, when the criminal cases against Plaintiffs were adjourned in contemplation of dismissal.

33.    As a result of the defendants illegally assaulting and falsely arresting her, Debra sustained the following injuries, including, but not limited to, a concussion, temporary lost of consciousness, nerve damage, continued headaches, and a profound fear of leaving her home, which has caused her not to leave her home as she would have ordinarily done prior to this incident.

34.    Moreover, the defendants' conduct exacerbated preexisting conditions from which Debra suffers, including, but not limited to, major depression, anxiety, back pain, and agoraphobia, coupled with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

35.    Likewise, as a result of the defendants illegally assaulting and falsely arresting her, Sonni has sustained the following injuries, including, but not limited to, abrasions, swelling, tenderness, and friction burns upon her elbow, forearm, wrist, stomach, and suffered an asthma

attack while handcuffed as a result of the defendants' conduct, coupled with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

36.     Both Debra and Sonni received medical treatment in connection with the defendants unlawfully assaulting and arresting them.

37.     All of the events leading up to and culminating in Plaintiffs being subjected to excessive force, false arrest, and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

38.     All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

39.     The underlying application of excessive force, false arrest, and denial of the right to fair trial is not an isolated incident.  Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the application of force in light of the facts and circumstances confronting them in the course of citizen-police encounters and what constitutes probable cause for arrest.  Further, these officers routinely apply excessive force in the course of these encounters while their fellow police officers either actively participate in or fail to intervene to prevent this unconstitutional conduct; and, upon applying such force, these officers engage in falsification, including, but not limited to, charging victimized citizens with obstructing governmental administration, resisting

arrest, and harassment. See, e.g., Graham v. City of New York, 928 F. Supp. 2d 610 (E.D.N.Y. Mar. 6, 2013) (lawsuit against the City of New York and individual NYPD officers for the officers' use of excessive force and violation of civil rights); Rodriquez v. City of New York, 10 Civ. 9570 (PKC) (KNF), 2012 WL 1658303, at *1 (S.D.N.Y. May 10, 2012) (same); Tucker v. City of New York, 704 F. Supp. 2d 347 (S.D.N.Y. 2010) (same); Williams v. City of New York, 06-CV-6601 (NGG), 2009 WL 3254465, at *1 (E.D.N.Y. Oct. 6, 2009) (same); Stroe v. City of New York, 02 CV 1036 (RRM) (LB), 2008 WL 4513823, at *1 (E.D.N.Y. Sept. 26, 2008) (same). See also Ashley Southall & Marc Santora, Remembering a Man Whose Death Made Him a Symbol of a Divide: Mourners Demand Justice for Staten Island Man in Chokehold Case, N.Y. TIMES, July 23, 2014, http://www.nytimes.com/2014/07/24/nyregion/mans-dying-words-in-police-custody-become-rallying-cry-before-his-funeral.html?_r=0 ('"I can't breathe,' Eric Garner had said over and over again last Thursday after he was apparently placed in a chokehold by the police and wrestled to the ground, accused of illegally peddling cigarettes. . . . The [NYPD] has banned the use of chokeholds since 1993. In 1994, a Bronx man was killed by an officer using the grip. Despite the ban, complaints of officers' using chokeholds have steadily come before the Civilian Complaint Review Board. From 2009 to 2013, the board received 1,022 such complaints."); Rocco Parascandola & Thomas Tracy, NYPD puts Brooklyn cop on desk duty for reportedly stomping on suspect who lay on ground, N.Y. DAILY NEWS, July 26, 2014, http://www.nydailynews.com/new-york/brooklyn/brooklyn-desk-duty-reportedly-stomping -man-article-1.1880818; ("A Brooklyn cop was put on modified assignment Friday after allegedly stomping on a suspect's head, authorities said. NYPD Officer Joel Edouard, 36, had subdued Jahmil-El Cuffee on suspicion of marijuana possession on Malcolm X Blvd. in Bedford-Stuyvesant at 8 p.m. Wednesday – and then he booted the man as he lay on the ground, officials

8

said."); Robert Gearty, Bronx man suing NYPD for excessive force for a rough arrest captured on cell phone video, N.Y. DAILY NEWS, Sep. 10, 2012, http://www.nydailynews.com/new-york/bronx/bronx-man-suing-nypd-excessive-force-rough-arrest-captured-cell-phone-video-article-1.1156308 (A Bronx man sued the City of New York and the individual NYPD officers for excessive force: "The video lasts about one minute and appears to show then 19-year-old Luis Solivan being pummeled in the face several times by one officer as the other cop pinned him down. . . . [T]he two officers chased Solivan into his home for no reason, pepper-sprayed him and beat him with their hands and a walkie-talkie.  Solivan's mother and two younger brothers were in the University Avenue apartment at the time.  After Solivan was hand-cuffed, he was kicked and his head was thrust into a wall so hard the impact left a hole . . . ."); Daniel Beekman, Man wins $2.5 million in lawsuit against NYPD cops over using excessive force, N.Y. DAILY NEWS, Dec. 19, 2013, http://www.nydailynews.com/new-york/man-wins-2-5m-suit-nypd-article-1.1552534 (The plaintiff sued the City of New York and the individual NYPD officers and the jury awarded him $2,500.000.00 in damages at trial because an NYPD officer "threw him down and kicked him in the knee," causing a ripped ligament and serious knee damage, simply because the plaintiff was watching a fight outside of a bar.); Kevin Deutsch, Lawyer for drug suspect who was beaten by cops demands special prosecutor, N.Y. DAILY NEWS, Feb. 6, 2012,     http://www.nydailynews.comnews/crime/lawyer-drug-suspect-beaten-cops-demands-special-prosecutor article1.1018037#ixzz2vs7snZ6M (describing the case of Jateik Reed, who was brutally assaulted by NYPD officers in the Bronx and the incident was captured on video). See also NEW YORK CITY CIVILIAN COMPLAINT REVIEW BOARD, "Bi-Annual Report, January - June 2013 Report," http://www.nyc.gov/html/ccrb/downloads/pdfCCRBsemi2013_jan_June.pdf ("In the first half of 2013, excessive use of force was alleged in 55% of complaints compared to

49% in 2012 . . . ."); NEW YORK CITY CIVILIAN COMPLAINT REVIEW BOARD, "2012 Annual

Report," http://www.nyc.gov/html/ccrb/downloads/pdf/ccrb_annual_2012.pdf ("In 2012, 50% of

all complaint contained one or more force allegations, compared to 48% in 2011.").

40.    Defendant CITY OF NEW YORK is further aware that such conduct and

improper training has often resulted in deprivations of civil rights.  Despite such notice,

Defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the

defendants to violate Plaintiffs' civil rights.

41.    Moreover, upon information and belief, Defendant CITY OF NEW YORK was

aware that, prior to this incident, the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

Defendant CITY of NEW YORK has retained these officers and failed to adequately train,

supervise, and discipline them.

42.    As a result of the foregoing, Plaintiffs DEBRA RUSSO and SONNI SOTTILE

have sustained, among other damages, physical injuries, substantial pain, mental injuries,

emotional distress, embarrassment, humiliation, fear, and deprivation of their constitutional

rights and liberty.

## **FEDERAL CLAIMS**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

43.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44.    All of the aforementioned acts of the defendants, their agents, servants, and

employees were carried out under the color of state law.

45.     All of these aforementioned acts deprived Plaintiffs DEBRA RUSSO and SONNI

SOTTILE of the rights, privileges, and immunities guaranteed to United States citizens by the

Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42

U.S.C. § 1983.

46.     The individual defendants carried out these illegal acts in their capacity as police

officers, with the entire actual and/or apparent authority attendant to their office.

47.     The individual defendants carried out these illegal acts in their capacity as police

officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY

OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

48.     The defendants, collectively and individually, while acting under color of state

law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the

respective municipality/authority, which is forbidden by the United States Constitution.

49.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to

compensatory damages in amount to be fixed by a jury, and are further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants arrested Plaintiffs DEBRA RUSSO and SONNI SOTTILE,

without probable cause or legal privilege, causing them to be detained against their will for an

extended period of time and subjected to physical restraints.

11

52.     The defendants caused Plaintiffs to be falsely arrested and unlawfully imprisoned, resulting in Plaintiffs being put in fear for their safety, humiliated, embarrassed, afraid, and deprived of their liberty.

53.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants employed force against Plaintiffs DEBRA RUSSO and SONNI SOTTILE that was excessive, objectively unreasonable, and in a clear violation of Plaintiffs' constitutional rights.

56.     At no time did Plaintiffs pose a threat to the safety of the defendants or anyone else, nor did they resist or attempt to evade arrest in anyway whatsoever.

57.     As a result of the defendants' conduct, Plaintiff DEBRA RUSSO was subjected to excessive force and sustained physical and mental injuries, including, but not limited to, a concussion, temporary lost of consciousness, nerve damage, continued headaches, and a profound fear of leaving her home, and the defendants' conduct exacerbated preexisting conditions from which Debra suffers, including, but not limited to, major depression, anxiety, back pain, and agoraphobia, coupled with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

58.     As a result of the defendants' conduct, Plaintiff SONNI SOTTILE was subjected to excessive force and sustained physical and mental injuries, including, but not limited to, abrasions, swelling, tenderness, and friction burns upon her elbow, forearm, wrist, stomach, and suffered an asthma attack while handcuffed as result of the defendants' conduct, coupled with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

59.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

60.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The defendants falsified the information against Plaintiffs DEBRA RUSSO and SONNI SOTTILE likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiffs.

62.     The defendants caused Plaintiffs to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on November 7, 2013.

63.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     The defendants had an affirmative duty to intervene on behalf of Plaintiffs DEBRA RUSSO and SONNI SOTTILE whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

67.     As a result of the defendants' conduct, Plaintiffs DEBRA RUSSO and SONNI SOTTILE were subjected to excessive force; false arrest; denial of their right to a fair trial; their liberty was restricted for an extended period of time; they were put in fear for their safety; they were physically brutalized and in pain; and they were humiliated and subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

68.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

69.     The defendants' conduct deprived Plaintiffs DEBRA RUSSO and SONNI SOTTILE of federally protected rights, including, but not limited to, the right:

        A.     To be free from deprivation of civil rights and liberty;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be from excessive force;

        D.     To be free from denial of the right to a fair trial; and

        E.     To be free from the failure to intervene.

70.    As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE CLAIMS

71.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Within ninety (90) days after the claim herein accrued, Plaintiffs duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

73.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

74.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.    Plaintiffs have complied with all conditions precedent to maintaining this action.

76.    This action falls within one or more of the exceptions outlined in CPLR § 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

77.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     As a result of the defendants' conduct, Plaintiffs DEBRA RUSSO and SONNI SOTTILE were placed in apprehension of imminent harmful and offensive bodily contact.

79.     As a result of the defendants' conduct, Plaintiffs have suffered pain and mental anguish, together with fear, apprehension, embarrassment, and humiliation.

80.     As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

81.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     The defendants made offensive contact with Plaintiffs DEBRA RUSSO and SONNI SOTTILE by forcibly touching them, throwing them to the ground, handcuffing them, physically detaining them, and searching them without legal privilege or consent.

83.     As a result of the defendants' conduct, Plaintiff DEBRA RUSSO was subjected to physical and mental injuries, including, but not limited to, a concussion, temporary lost of consciousness, nerve damage, continued headaches, and a profound fear of leaving her home, and  the defendants' conduct exacerbated preexisting conditions from which Debra suffers, including, but not limited to, major depression, anxiety, back pain, and agoraphobia, coupled

16

with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

84. As a result of the defendants' conduct, Plaintiff SONNI SOTTILE was subjected physical and mental injuries, including, but not limited to, abrasions, swelling, tenderness, and friction burns upon her elbow, forearm, wrist, stomach, and suffered an asthma attack while handcuffed as result of the defendants' conduct, coupled with emotional and physical distress, and further physical and psychological injuries yet to be revealed.

85. As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

86. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. The defendants arrested Plaintiffs DEBRA RUSSO and SONNI SOTTILE without probable cause or legal privilege.

88. The defendants detained Plaintiffs against their will for an extended period of time and subjected them to physical restraints.

89. As a result of the defendants' conduct, Plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

90. As a result of the defendants' conduct, Plaintiffs DEBRA RUSSO and SONNI SOTTILE have suffered physical and mental injuries, along with fear, apprehension,

embarrassment, humiliation, and loss of freedom.

91.    As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

92.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94.    As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

95.    As a result of the defendants' conduct, Plaintiffs DEBRA RUSSO and SONNI SOTTILE have suffered substantial pain and physical injury, and mental anguish, together with fear, apprehension, embarrassment, and humiliation, and an extended period of unlawful imprisonment and deprivation of their liberty.

96.    As a result, Plaintiffs DEBRA RUSSO and SONNI SOTTILE are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

18

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs DEBRA RUSSO and SONNI SOTTILE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as the Court deems just and proper.

**Dated**: New York, New York
November 26, 2014

Respectfully submitted,

**THE TRAINOR LAW FIRM, P.C.**
26 Broadway, Suite 2100
New York, New York 10004
Tel: (212) 323-7410
Fax: (212) 323-7411

By: _____
CRAIG TRAINOR (CT 1823)

Attorney for Plaintiffs
DEBRA RUSSO and SONNI SOTTILE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

DEBRA RUSSO and SONNI SOTTILE,

                Plaintiffs,

        -against-

CITY OF NEW YORK, GARSING CHAN,
Individually, LEONARDO VIERA, Individually,
and JOHN DOE 1 through 5, Individually, (the
names John Doe being fictitious, as the true
names are presently unknown),

                Defendants.

14-CV-6958

---

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiffs
26 Broadway, Suite 2100
New York, New York 10004